IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI

FILED in the Trial Courts
State of Alaska Third District
at Kenai, Alaska
SEP 17 2015
Clerk of the Trial Courts
By _____ Deputy
COPY

PATHFINDER AVIATION, INC.,

  Plaintiff,

v.

XTO ENERGY INC. and SCOTT GRIFFITH,

  Defendants.

Case No. 3KN-15-846 CI

## COMPLAINT

COMES NOW Plaintiff, Pathfinder Aviation, Inc. ("Pathfinder"), by and through undersigned counsel, Birch Horton Bittner & Cherot, and hereby complains and alleges as follows:

### PARTIES AND JURISDICTION

1. Pathfinder Aviation, Inc. is a corporation formed under the laws of the State of Alaska, with its principal place of business in the State of Alaska.

2. Defendant XTO Energy Inc. ("XTO") is a corporation organized under the laws of the State of Delaware, with its principle place of business in the State of Texas.

3. Defendant Scott Griffith ("Griffith") is and was at all times relevant hereto a resident of, and domiciled in, the State of Alaska. On information and belief, Griffith was employed by XTO, and therefore, all the acts and omissions of Griffith, as described herein, will be imputed to XTO.

PATHFINDER V. XTO ENERGY AND SCOTT GRIFFITH
COMPLAINT
F:\507468\1\00470676.DOCX
CASE NO. 3KN-15-_____CI
PAGE 1 OF 10

EXHIBIT A, p. 1 of 10

Case 3:15-cv-00200-HRH Document 1-1 Filed 10/16/15 Page 1 of 10

BIRCH HORTON BITTNER & CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3301
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

4. Jurisdiction is proper in the Third Judicial District. Venue is proper under AS 22.10.020.

## GENERAL ALLEGATIONS

5. Plaintiff incorporates by reference paragraphs 1-4 of this Complaint as if fully set forth herein.

6. XTO is a subsidiary of Exxon Mobil. Its Alaska Operations division focused on oil production in Cook Inlet and was based out of Nikiski and Kenai, Alaska. At all times relevant hereto in 2014 and 2015 Griffith served as the production superintendent for the Alaska Operations division of XTO.

7. Pathfinder is a Homer-based international provider of helicopter services and logistical support, providing services to the oil and gas, mining and construction industries. Pathfinder is owned by Michael and Mary Fell; Michael Fell ("Fell") also serves as its president.

8. In June 2014, Griffith contacted Fell and stated that he wished to discuss helicopter support for XTO's Alaska Operations due to XTO's dissatisfaction with its current provider.

9. In January 2015, Fell and Griffith met to determine whether Pathfinder would be able to provide contract helicopter services to XTO out of its facility in Nikiski, Alaska. Fell and Griffith together targeted a specific helicopter airframe that met XTO's particular contract requirements: an Airbus EC135P2+. Thereafter, XTO's aviation management team met with Pathfinder to perform a "gap analysis" of Pathfinder's assets and services, after which XTO determined that Pathfinder qualified as an acceptable vendor.

PATHFINDER V. XTO ENERGY AND SCOTT GRIFFITH  CASE NO. 3KN-15-_____CI
COMPLAINT  PAGE 2 OF 10
F:\507468\1\00470676.DOCX

BIRCH HORTON BITTNER & CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3301
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

EXHIBIT A, p. 2 of 10

Case 3:15-cv-00200-HRH   Document 1-1   Filed 10/16/15   Page 2 of 10

10. During February 2015, Fell and Griffith exchanged several emails which discussed the fact that Pathfinder had located an Airbus EC135P2+ which was pending final approval for use from Exxon. The two also communicated both directly and via email regarding several contract terms and items, including the term length, Pathfinder's request for a termination clause (in the event of a buyout), and Pathfinder's monthly and hourly rates.

11. On February 25, 2015, Griffith sent an email to Fell which stated, "per our conversation, XTO Energy has made the decision to go with Pathfinder Aviation as our helicopter support contractor for our Alaska Operations. I will begin working immediately to put the contract together under the terms we have discussed. Once a draft of the contract has been completed, I will send it to you for your review [and] then a final contract will be put in place for approval [and] signature by both, XTO Energy Inc. and Pathfinder Aviation."

12. Griffith's February 25 email, which was copied to three other XTO employees, included the agreed-upon 10-year term of the contract, with the option of up to five one-year extensions. The contract was to commence September 1, 2015; XTO would pay Pathfinder a rate of $176,636 per month plus $1,100 per flight hour "dry," meaning excluding the price of fuel. The email also included details regarding a start-up fee, the termination clause and accommodations for XTO's pilots who wished to continue flying for XTO's Alaska Operations.

13. The terms further specified that Pathfinder would provide XTO an Airbus EC135P2+ "that meets all the requirements outlined by the ExxonMobil Aviation Operation Guidelines (AOG) and the International Association of Oil & Gas

PATHFINDER V. XTO ENERGY AND SCOTT GRIFFITH  
COMPLAINT  
F:\507468\1\00470676.DOCX  
CASE NO. 3KN-15-_____CI  
PAGE 3 OF 10

EXHIBIT A, p. 3 of 10

Case 3:15-cv-00200-HRH   Document 1-1   Filed 10/16/15   Page 3 of 10

Producers, Aircraft Management Guidelines (OGP)." The terms further stipulated that "XTO Energy will work closely with Pathfinder Aviation [and] our ExxonMobil aviation advisor(s) to ensure that we succeed in meeting the requirements outlined by these two documents."

14. The email also confirmed that XTO Energy planned to enter into an additional agreement with Pathfinder whereby if the primary helicopter – the Airbus EC135P2+ – was taken off the XTO contract in support of other aviation clientele, XTO would pay for the use of a twin-engine Bell 212 helicopter for backup, up to the first 12 months of the contract or less.

15. Upon information and belief, shortly after Griffith's email to Fell, XTO notified its then-current helicopter provider that it would be terminating its contract.

16. After the February confirmation email and over the course of spring 2015, Pathfinder worked to acquire the additional aircraft and to arrange for modifications to conform to XTO's operation guidelines. These modifications involved substantial labor, time and resources. Pathfinder also purchased ground support equipment, helicopter support equipment, and devoted hundreds of labor hours into ensuring that Pathfinder's personnel and equipment complied with XTO's requirements and needs. These expenses, training and labor costs are estimated to have cost Pathfinder over $400,000.

17. Over the course of spring 2015, Fell and Griffith worked together on minor remaining details of the contract between XTO and Pathfinder. They also worked together to ensure the modifications, training and arrangements were to XTO's standards and requirements.

BIRCH HORTON BITTNER & CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3301
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

18. Pathfinder acquired two helicopters for the XTO contract: a Bell 212, purchased for over $1.2 million, and an Airbus EC135P2+, purchased for over $3.5 million. Due to the significant cost, Fell contacted Griffith prior to purchasing the Airbus to again confirm the agreement between the two parties. Griffith assured Fell that the contract between the two parties was good, and instructed Fell to proceed with the purchase of the aircraft.

19. In July 2015, within a week of Pathfinder's purchase of the Airbus EC 135P2+, XTO was acquired by Hilcorp Alaska, LLC. Griffith called Fell and told him that XTO would not be going forward with its contract with Pathfinder.

20. After this communication, Fell attempted to contact Defendants regarding the contract, to no avail. The Defendants' first communication to Fell occurred in late August upon the receipt of a letter by counsel.

21. Since XTO's notification, and in order to avoid a monthly payment in excess of $40,000 on the helicopters, Pathfinder sold the Bell 212 helicopter at a loss of over $140,000, and sold the Airbus EC 135P2+ at a loss of over $1 million.

## COUNT I
## BREACH OF CONTRACT

22. Pathfinder incorporates by reference paragraphs 1-21 of this Complaint as if fully set forth herein.

23. In February 2015, Pathfinder and Defendants entered into a contract which encompassed all essential terms and consideration, with unequivocal acceptance by the parties, and which manifested XTO's intent to be so bound.

BIRCH HORTON BITTNER & CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3301
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

24. The contract required Pathfinder to perform XTO's helicopter services with an Airbus EC135 P2+ in exchange for a monthly and flight-hourly rate for a term of ten years.

25. The contract also required Pathfinder to perform backup services to XTO with a twin engine helicopter in exchange for a flight-hour rate.

26. As a result of this contract, Pathfinder purchased two helicopters at a cost of over $5 million, and spent hundreds of thousands of dollars in ensuring that the necessary infrastructure was in place to deliver the services it agreed to provide.

27. Defendants' refusal to honor XTO's contract with Pathfinder amounts to a breach of contract, which damaged Pathfinder, including but not limited to direct, indirect, general, special and consequential damages, and including the loss of the contract itself, the exact amount to be proven at trial.

## COUNT II
## BREACH OF QUASI-CONTRACT and QUANTUM MERUIT

28. Pathfinder realleges and incorporates by reference the allegations of paragraphs 1-27 as though fully restated herein.

29. Pathfinder provided time, resources, and equipment, and made investments in order to fulfill the requirements of Defendants' demands, and Defendants' acceptance and appreciation of these investments under the circumstances make it inequitable to do so without paying Pathfinder.

30. Pathfinder's investments and costs were made in reliance on Defendants' promise to enter a contract, or Defendants' promise to negotiate in good faith to form one, and Defendants then broke that promise.

BIRCH HORTON BITTNER & CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3301
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

31. This unjust enrichment damaged Pathfinder, including but not limited to direct, indirect, general, special and consequential damages, and including the loss of the contract itself, the exact amount to be proven at trial.

## COUNT III
## PROMISSORY ESTOPPEL

32. Pathfinder realleges and incorporates by reference the allegations of paragraphs 1-31 as though fully restated herein.

33. Defendants made a promise to Pathfinder that it had been chosen as XTO's helicopter support contractor for its Alaskan Operations.

34. Defendants' promise induced Pathfinder to act in a manner that was both reasonably foreseeable and actually foreseen by XTO. Pathfinder's action amounted to a substantial change in its position, and as such the enforcement of XTO's promise is necessary in the interests of justice.

35. Pathfinder's reasonable and foreseeable reliance on XTO's promise damaged Pathfinder, including but not limited to direct, indirect, general, special and consequential damages, and including the loss of the contract itself, the exact amount to be proven at trial.

## COUNT IV
## BREACH OF COVENANTS OF GOOD FAITH AND FAIR DEALING

36. Pathfinder incorporates by reference paragraphs 1-35 of this Complaint as if fully set forth herein.

37. Because there is an implied-in-law covenant of good faith and fair dealing inherent in the contract between Defendants and Pathfinder, Defendants had

BIRCH HORTON BITTNER & CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3301
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

PATHFINDER V. XTO ENERGY AND SCOTT GRIFFITH   CASE NO. 3KN-15-_____CI
COMPLAINT   PAGE 7 OF 10
F:\507468\1\00470676.DOCX

**EXHIBIT A, p. 7 of 10**

Case 3:15-cv-00200-HRH Document 1-1 Filed 10/16/15 Page 7 of 10

a duty to act in good faith towards Pathfinder, and to not unfairly deprive Pathfinder of the benefit of its bargain.

38. Defendants' refusal to honor its contract with Pathfinder unfairly deprived Pathfinder of the benefit of its contract and is a violation of the implied-in-law covenants of good faith and fair dealing.

39. Defendants' refusal to engage in reasonable efforts to negotiate the termination of the contract also breached the covenants of good faith and fair dealing.

40. Defendants' breaches of the implied-in-law covenant of good faith and fair dealing have caused Pathfinder damages, including but not limited to direct, indirect, general, special and consequential damages, and including the loss of the contract itself, the exact amount to be proven at trial.

## COUNT V
## MISREPRESENTATION

41. Pathfinder incorporates by reference paragraphs 1-40 of this Complaint as if fully set forth herein.

42. Defendants promised to pay Pathfinder a monthly and flight-hour rate for a term of ten years as XTO's helicopter support contractor.

43. Defendants also promised to pay Pathfinder a flight-hour rate for back up helicopter services.

44. The promises made to Pathfinder were false because the Defendants did not, in fact, perform any of these promises.

45. Defendants' actions amount to a negligent and intentional misrepresentation, which caused Pathfinder damages, including but not limited to

EXHIBIT A, p. 8 of 10

Case 3:15-cv-00200-HRH   Document 1-1   Filed 10/16/15   Page 8 of 10

direct, indirect, general, special and consequential damages, and including the loss of the contract itself, the exact amount to be proven at trial.

## COUNT VI
## VIOLATION OF ALASKA UNFAIR TRADE PRACTICES ACT

46. Pathfinder incorporates by reference paragraphs 1-45 of this Complaint as if fully set forth herein.

47. Defendants are engaged in trade or commerce in the State of Alaska that falls within the scope of AS 45.50.471, et seq.

43. Defendants engaged in unfair and deceptive practices, including, but not limited to, the following: misrepresenting their intent to contract with and pay Pathfinder for its services; for representing that Pathfinder's services have approval and status that it did not have; by engaging in conduct creating a likelihood of confusion or misunderstanding which misled, deceived and damaged Pathfinder in connection with the sale of goods and services; and by knowingly making false or misleading statements concerning the need for parts, replacement, or repair service.

44. Additionally, the Defendants' conduct constituted deception, fraud, false pretense, false promise, misrepresentation, or knowing concealment, suppression, or omission of a material fact with the intent that Pathfinder would rely upon the concealment, suppression, or omission in connection with the sale of goods and services.

45. All of the unfair and deceptive acts and practices described above caused damages, the exact amount to be proven at time of trial.

46. As a result of these unfair and deceptive acts and practice, the Defendants will be liable for treble damages and the payment of actual reasonable attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Pathfinder, prays for the following relief against Defendants:

1. Compensatory, consequential and punitive damages in an amount to exceed $100,000, the exact amount to be proven at trial;

2. Equitable relief;

3. Treble damages per AS 45.50.471, et seq.

4. Punitive and exemplary damages;

5. Actual attorneys' fees and costs;

6. Pre-judgment and post-judgment interest at the highest allowable rate; and

7. Such other and further relief as this Court deems just and equitable.

DATED this 15th day of September, 2015.

BIRCH HORTON BITTNER & CHEROT
Attorneys for Plaintiff

By: _____
David K. Gross, ABA #9611065
Mara E. Michaletz, ABA #0803007

BIRCH HORTON BITTNER & CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3301
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

PATHFINDER V. XTO ENERGY AND SCOTT GRIFFITH
COMPLAINT
F:\507468\1\00470676.DOCX

CASE NO. 3KN-15-_____CI
PAGE 10 OF 10

EXHIBIT A, p. 10 of 10

Case 3:15-cv-00200-HRH   Document 1-1   Filed 10/16/15   Page 10 of 10